FAIRMAN's Administrator *v.* HEATH and Others.

Where a mortgage is given upon real estate, to secure the payment of a debt, and the mortgagee, by the terms of the mortgage, has acquired the right only to look to the land for payment, he could transmit to another, by way of subrogation, no greater right than he had acquired.

APPEAL from the *Tippecanoe* Common Pleas.

WORDEN, J.—This was an application by the appellees, as creditors of said estate, for a distribution, or payment of funds, upon their respective claims, *pro rata.* The application was resisted by the administrator, but the order of payment was made, and from that order the administrator appeals.

The material facts are as follow: The administrator had

paid into Court, as funds belonging to said estate, the sum of four hundred and eighty dollars seventy-one cents, leaving a balance in his hands of one hundred and seventy-nine dollars, enough to pay the expenses of administration up to that time. The claims of the applicants had been duly allowed, and amounted to four hundred and ninety-eight dollars sixty-nine cents, and embraced all the claims filed, or known, against said estate, except a certain mortgage hereinafter mentioned. *Fairman*, the deceased, died in the year 1853, leaving a widow and several children, and real estate in *Tippecanoe* county, of the value of between twelve and fifteen thousand dollars. In 1856, at the suit of the widow and some of the children, partition of the real estate was made among them. In the year 1839, *Fairman* executed to *N. B. Palmer*, Superintendent, etc., for the use of the *College Fund of Indiana*, a mortgage on a portion of the land thus parted, to secure four hundred dollars, payable in five years, with nine per cent. interest. This mortgage, though duly recorded, was wholly unknown to the heirs and administrator of the deceased, at the time of the partition, except such constructive knowledge as arises from the record.

The land thus mortgaged was set apart to two of the heirs of the deceased, without taking into consideration the incumbrance.

In the year 1858, the auditor and treasurer of State made a sale of the land thus mortgaged, to *Daniel Mace*, and, of the proceeds, applied five hundred and eighty-nine dollars and forty cents, the amount then due thereon, to the liquidation of the mortgage. A suit was afterward instituted by those to whom the land had been set apart, against said purchaser, to set aside said sale, in the *Tippecanoe* Circuit Court, but was there decided against them, but appealed to this Court, where it.was pending at the time of the trial of this cause below.

It may also be observed, that neither the State, nor those to whom the land in question had been set off, had ever filed any claim in the Court below against the estate of the deceased; indeed, it does not appear that the State had any personal claim, but the right only to look to the mortgaged premises, as there does not appear to have been any note or other agreement to pay the money, nor does the mortgage contain any covenant to that effect.

The order for *pro rata* payment was in substantial accordance with the provisions of the statute, (2 R. S. 1852, p. 274, sec. 12,) and is right, unless wrong on the following ground, assumed by the appellant, viz.: That the mortgage was a preferred claim, and that if the sale should be set aside, the amount of it would be due the State; and if the sale should be affirmed, the heirs to whom the land had been set apart would be subrogated to the rights of the State, and would be entitled to hold it as a preferred claim against the estate; so that, in either event, the administrator should hold the money, in order to apply it accordingly, when the suit mentioned should be determined in this Court.

There is nothing in the case showing the invalidity of the sale made by the State officers of the land in question. Indeed, the case mentioned as having been appealed to this Court, has been decided, affirming the sale. *Vide Bansemer et al.* v. *Mace et al.*, May term, 1862, 18 Ind. 27.

The sale of the land being valid, and having brought more than enough to pay the debt, the mortgage is liquidated, so the State has no claim against the estate of the deceased.

The heirs to whom the land in question was set off can not become creditors of the estate by reason of the sale of the land to pay the mortgage, either by subrogation or on any other principle. Whatever might be the law had there. been an obligation on the part of the deceased to pay the money secured by the mortgage, which could have been enforced against him personally, there is nothing in the case.

before us to which the heirs could be subrogated that would furnish a right of action against the estate. We have seen that the State, by her mortgage, acquired the right only to look to the land for payment; and such right only, if any, could be acquired or transmitted by subrogation.

The descent was cast upon the heirs of the deceased, subject to incumbrances and the payment of his debts, and the partition having been made before the debts were paid and incumbrances removed, the remedy of those losing their share by reason of the incumbrance, if they have any, which it is presumed, though not decided, they have, is against their co-heirs for a re-partition or other relief.

*Per Curiam.*—The judgment below is affirmed, with costs, to be levied of the assets, etc.

*George Gardner*, for the appellant.

*D. P. Vinton* and *John L. Miller*, for the appellees.